## CAMBLAT *v.* TUPERY.

A partner has no remedy against his co-partner for money paid or advanced on account of the partnership, or for profits made during its continuance, until a final settlement of the partnership.

In an action by a partner against another for the settlement of the partnership, it is the duty of the plaintiff to furnish the evidence necessary to enable the court to settle the partnership and determine the rights of the partners. Where such evidence is not furnished, the action will be dismissed.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.
*St. Paul* and *Buisson*, for the plaintiff. *Biron* and *Schmidt,* for the appellant.

The judgment of the court was pronounced by

KING, J. The plaintiff alleges that he was for some time the partner of *Tupery,* the defendant, and claims a settlement of the partnership, and a judgment for a sum of money which he avers to be due for capital advanced, profits made, commissions, travelling expenses, &c. The defendant denied the partnership, and claimed a large sum in reconvention. Subsequently he filed a peremptory exception to the form of the action, alleging that the plaintiff claimed a specific sum, and not a settlement of the partnership. This exception was overruled. The matters in controversy between the parties were submitted to arbitrators, who, after a laborious investigation, made a report which was not homologated, in consequence of having been filed after the expiration of the delay prescribed for that purpose. The arbitrators, however, were sworn as witnesses on the trial of the cause, and stated that their report, which was used by them while testifying as a memorandum, was the result of their examination of the books and vouchers, and of the admissions of the parties during the progress of their investigation. They determined a balance to be due to the plaintiff, for which a judgment was rendered in the court below, and the defendant has appealed. He contends: 1st. that the court erred in overruling his exception to the form of the action; and 2nd. that the judgment is based on the opinion of the arbitrators, and is unsupported by the evidence.

I. We think that the judge did not err in overruling the plaintiff's exception. The averments and prayer of the petition sufficiently indicate that, the object of the suit was to enforce a settlement of the partnership concerns, and the payment of such sum as might be found due upon a final adjustment.

II. The only evidence in the cause which throws any light whatever on the confused and unintelligible books and accounts of the parties, is that of the two accountants who acted as arbitrators, and this is unsatisfactory. These witnesses state that their report, which is the foundation of the judgment of the lower court, does not embrace a settlement and liquidation of the affairs of the partnership. They conceived that their authority did not extend to such an

examination. They state that the profits and loss were not ascertained; that, in the settlement of a partnership account, it is usual and necessary to establish the profits and losses; that, in making up their report, the whole amount of sales, paid or unpaid, was taken into consideration; and that no allowance was made for bad debts. They cannot say what amount is due to the partnership.

It is well settled, that one partner has no remedy against another for moneys paid, or advanced, or contributed on account of the partnership, or for profits made during its continuance, until a final settlement takes place, when he may recover the balance which may appear to be due to him. 11 Mart. 435. 8 Mart. N. S. 280. Story on Partnership, ss. 221, 348, and notes.

No final settlement of the partnership affairs has taken place in the present instance, and the evidence is not before us in a form that enables us to make the liquidation, and determine which is the debtor or creditor partner. Information indispensable to that end is wanting, which the plaintiff should have furnished. It was his duty to make his demand clear.

We think that the judgment of the lower court is erroneous; and for the reasons assigned it is ordered that it be voided and reversed. It is further ordered that the plaintiff's demand be dismissed, and that he pay the costs of both courts.